UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| NATHAN NEWSOM, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. 1:16-CV-434 |
| ALLEN COUNTY SHERIFF, et al., | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court on the Motion to Enforce Settlement Agreement filed by the Defendants on August 21, 2019 (ECF 53). For the reasons set forth below, the motion is GRANTED.

**DISCUSSION**

The parties to this suit attended a mediation with a private mediator on January 16, 2019. The Defendants explain in their motion that "[w]hile the mediation session did not result in an immediate resolution, the parties left the mediation with settlement offers open through the close of business on Friday, January 25, 2019." Motion to Enforce Settlement, p. 2. On January 22, 2019, Newsom's attorney sent an email to defense counsel stating as follows:

> Mr. Newsom has [] reconsidered his settlement position. He has just authorized acceptance of the Sheriff's final settlement offer of $1,500. He asks if it can be paid within 14 days of you receiving his signed settlement contract–please let me know if this will be possible.

*Id.*, Exh. 2 (ECF 53-2). On February 12, 2019, defense counsel mailed to Newsom's counsel a Settlement Agreement and Release of All Claims and other paperwork necessary to finalize the settlement. *Id.*, Exh. 3 (ECF 53-3). The matter languished until April 29, 2019, when Newsom's

attorney sent another email to defense counsel stating in relevant part as follows:

> The Newsom case settled for $1,500.00 back in January 2019. The plaintiff stopped communicating with my office after that and never signed the settlement agreement. This morning, he finally got[] back in touch with my office, to inform[] me that he isn't going to sign the contract. I realize it is the common practice for defendants in civil suits to file a motion to enforce settlement agreement when a plaintiff won't sign their settlement contract, and have no reason to expect you to take a different course of action in the Newsom case. When do you plan to file a motion to enforce, and will you be seeking fees or costs against Mr. Newsom? If you will be seeking fees and/or costs for having to enforce the settlement agreement, would you please send me an estimate of the amount being sought, so that I can communicate that to Mr. Newsom?

*Id*., Exh. 4 (ECF 53-4). Newsom continued to refuse to sign the settlement agreement, resulting in the present motion by the Defendants. Based on the evidence regarding the parties' negotiation and agreement, the Defendants insist that "there was a valid offer, acceptance and consideration as to the terms of the Settlement Agreement between the parties in this case[]" and the Court should grant their motion, "enforce the Settlement Agreement and order Plaintiff to execute the Settlement Agreement previously provided." *Id*., p. 4.

A settlement agreement is a contract that is enforceable under ordinary state-law contract principles. *Lynch, Inc. v. SamataMason Inc*., 279 F.3d 487, 490 (7th Cir. 2002). A settlement agreement in a federal case is "just like any other contract." *Dillard v. Starcon Int'l, Inc*., 483 F.3d 502, 506 (7th Cir. 2007). Indiana law governs this issue in this case, and under Indiana law, an agreement to settle a lawsuit is generally enforceable. *See Zimmerman v. McColley*, 826 N.E.2d 71, 76-79 (Ind.Ct.App. 2005). "It is established that if a party agrees to settle a pending action, but then refuses to consummate his settlement agreement, the opposing party may obtain a judgment enforcing the agreement." *Id.* at 76 (citing *Georgos v. Jackson*, 790 N.E.2d 448, 453 (Ind. 2003)). This Court has addressed the issue of the enforceability of settlement agreements in

many cases, explaining as follows:

> Settlement agreements are "enforceable against a plaintiff who knowingly and voluntarily agreed to the terms of the settlement or authorized his attorney to settle the dispute." *Glass v. Rock Island Ref. Corp.*, 788 F.2d 450, 454 (7th Cir. 1986) (internal quotations omitted) (applying Indiana law). Once the parties come to an agreement, none can "avoid the agreement merely because he subsequently believes the settlement insufficient. . . ." *Id*. That is, once a party has authorized a settlement agreement, he is bound to its terms even if he later changes his mind. *Id*. at 454-55.
>
> . . .
>
> [T]he Court [finds] that the Plaintiff entered into an enforceable settlement agreement, and his later change of heart . . . do[es] not affect the settlement agreement's validity or enforceability.

*Stewart v. Allen Cty. Jail*, 2018 WL 3238552, at *2 (N.D. Ind. July 3, 2018), appeal dismissed sub nom. *Stewart v. Parkview Hosp. Inc*., 2018 WL 6981215 (7th Cir. Aug. 30, 2018). The law is clear and well settled. "[A]greements to settle are 'enforceable against a plaintiff who knowingly and voluntarily agreed to the terms of the settlement or authorized his attorney to settle the dispute.'" *Snider v. Fort Wayne Police Dep't*, 2011 WL 4601051, at *2 (N.D. Ind. Sept. 30, 2011) (quoting *Glass v. Rock Island*, 788 F.2d at 454); accord *Whittington v. Tr. of Purdue Univ.*, 2011 WL 1336514, at *2 (N.D.Ind. Apr.5, 2011) ("The parties must knowingly and voluntarily enter into the agreement either personally or by providing their attorneys with authority to settle."). "Once an agreement is reached, '[a] party to a settlement cannot avoid the agreement merely because he subsequently believes the settlement insufficient.'" *Id*. (quoting *Glass*, 788 F.2d at 454). "Moreover, a party who has previously authorized a settlement remains bound by its terms even if he changes his mind. *Id.* at 454-55. As such, a party's later unhappiness with a settlement is 'neither here nor there.'" *Id*. (quoting *Allen v. Dana*, 2011 WL 3163232, at *2

3

(N.D.Ind. July 26, 2011)).

On March 3, 2020, the Court held a hearing on the Defendants' motion. Newsom participated telephonically, as he is currently incarcerated. Newsom's attorney, Christopher Myers, and defense counsel, Spencer Feighner, represented that the parties had agreed to a settlement of this case as stated in the Defendants' motion and evidenced by the exhibits attached thereto. Mr. Myers explained that Mr. Newsom refused to sign the agreement after it was negotiated. After being placed under oath, Mr. Newsom informed the Court that he had second thoughts about the settlement after it was agreed to because he "didn't feel it was right in my heart." When the Court asked Mr. Newsom if his reluctance was based on a desire to receive more money in the settlement, he responded, "correct." Plaintiffs often experience some level of "buyer's remorse" after settling lawsuits. But as explained above, that is not a valid basis for reneging on a settlement contract. Accordingly, the motion to enforce the settlement agreement must be granted.

## CONCLUSION

For the reasons explained above, the Motion to Enforce Settlement Agreement filed by the Defendants (ECF 53) is GRANTED. This case is settled pursuant to the terms of the Settlement Agreement and Release of All Claims negotiated by the parties (ECF 53-3, pp. 2-4). Plaintiff Nathan Newsom is ordered to execute the necessary paperwork to finalize the settlement. Once the settlement is finalized, the parties are instructed to file a Joint Stipulation of Dismissal with Prejudice.

Date: March 12, 2020.

     /s/   William C. Lee
William C. Lee, Judge
U.S. District Court
Northern District of Indiana